FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 18, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 1:24-CV-03112-MKD <br><br> ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER <br><br> ECF Nos. 10, 21 |

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Michelle King as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

1    Before the Court are the parties' briefs.  ECF Nos. 10, 21.  The Court,

2  having reviewed the administrative record and the parties' briefing, is fully

3  informed.  For the reasons discussed below, the Court reverses the Commissioner's

4  decision and remands the case for the immediate calculation and award of benefits.

5  **JURISDICTION**

6    On July 9, 2019, Plaintiff applied for Title XVI supplemental security

7  income benefits alleging a disability onset date of July 1, 2019.  Tr. 213-22.  The

8  application was denied initially and on reconsideration.  Tr. 134-42, 113-29.

9  Plaintiff appeared before an administrative law judge (ALJ) on April 13, 2021.  Tr.

10  77-96.  On May 20, 2021, the ALJ denied Plaintiff's claim.  Tr. 27-51.  This Court

11  subsequently remanded the matter on February 6, 2023.  Tr. 1227-35.  The ALJ

12  held a second hearing on March 7, 2024.  Tr. 1198-1223.  On May 22, 2024, the

13  ALJ denied Plaintiff's claim.  Tr. 1163-97.  Per 20 C.F.R. § 416.1484, the ALJ's

14  decision following this Court's remand became the Commissioner's final decision

15  for purposes of judicial review.

16    The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

17  **STANDARD OF REVIEW**

18    A district court's review of a final decision of the Commissioner of Social

19  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

20  limited; the Commissioner's decision will be disturbed "only if it is not supported

ORDER - 2

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 3

# FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from

ORDER - 4

"any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is

ORDER - 5

capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ORDER - 6

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 9, 2019. Tr. 1168.

At step two, the ALJ found that Plaintiff has the following severe impairments: hypermobility syndrome/Ehlers's Danlos syndrome, asthma, obstructive sleep apnea, morbid obesity, attention deficit hyperactivity disorder (ADHD), posttraumatic stress disorder (PTSD), bipolar disorder, dependent personality disorder, mood disorder, generalized anxiety disorder, and panic disorder with agoraphobia. Tr. 1169.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 1170.

The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [S]he can stand and/or walk for 4 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and/or stairs; never climb ladders, ropes, or scaffolds; occasionally push/pull with the bilateral upper and lower extremities; frequently but not constantly reach in front, laterally, and overhead with the bilateral upper extremities; frequently but not constantly handle and/or finger with the bilateral upper extremities; can tolerate occasional exposure to fumes, odors, dusts, gases, poor ventilation and other pulmonary irritants; can never be exposed to vibration and never work at unprotected heights or around moving mechanical parts or heavy machinery. [Plaintiff] can understand, remember, and carry out simple, routine, and repetitive tasks involving only simple work-related decisions and occasional

ORDER - 7

decision[]making and changes in the work setting; can tolerate occasional brief and superficial interaction with supervisors, coworkers, and the public.

Tr. 1172.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 1185. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as electrical accessories assembler, marker, and small parts assembler. Tr. 1185-86. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision. Tr. 1187.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's testimony;

2. Whether the ALJ properly evaluated the Listings;

3. Whether the ALJ properly evaluated the medical opinion evidence;

4. Whether the ALJ properly evaluated lay witness evidence; and

5. Whether the ALJ properly evaluated Plaintiff's tremors.

ECF No. 10 at 2.

ORDER - 8

In response, Defendant concedes error with respect to the ALJ's evaluation of the medical opinion evidence and Plaintiff's testimony and agrees remand is appropriate, but seeks further proceedings. ECF No. 21.

## DISCUSSION

The parties agree the ALJ harmfully erred but disagree as to the appropriate remedy. Plaintiff seeks a remand for calculation and award of benefits. Defendant agrees remand is appropriate, but only for further proceedings. For the reasons discussed below, the Court exercises its discretion to remand this matter for the immediate calculation and award of benefits.

**A. Legal Standards Governing Scope of Remand**

When the ALJ commits legal error in denying a claim for benefits, the district court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Social Security Act, however, grants district courts flexibility in certain circumstances to reverse the ALJ's decision and remand for an immediate award of benefits rather than further administrative proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Remand for an immediate award of benefits is allowed only when three requirements (collectively referred to as the "credit-as-true" rule) are satisfied: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether

ORDER - 9

that evidence is claimant testimony or a medical opinion; (2) there are no outstanding issues that must be resolved before a disability determination can be made, the record is fully developed, and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the record as a whole would require the ALJ to find the claimant disabled on remand. *Leon*, 880 F.3d at 1045; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the Court's discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). The Court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

**B. Proper Remedy**

All three steps of the credit-as-true rule are satisfied here. The first requirement is satisfied for multiple reasons. As an initial matter, Defendant concedes harmful legal error. Defendant explicitly concedes error on two of the five issues raised by Plaintiff. ECF No. 21. Further, Defendant entirely failed to address Plaintiff's remaining assignments of error. If a party fails to counter an argument that the opposing party makes, the Court may treat that argument as conceded. The Court has no obligation to research or manufacture arguments on

ORDER - 10

behalf of litigants.  Defendant's strategic choice not to substantively respond to these arguments constitutes concession of these issues.  *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing defendant's failure to respond to an argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *Johnny T. v. Berryhill*, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues").  As such, the Court concludes that the ALJ erred by: (1) failing to properly assess Plaintiff's testimony; (2) failing to properly assess the Listings; (3) failing to properly assess the medical opinion evidence; (4) failing to properly assess the lay witness testimony; and (5) failing to assess Plaintiff's tremors.

As for the second requirement, the Court finds further administrative proceedings would serve no useful purpose in light of the unusual posture of this case.  Two administrative hearings have already been held since Plaintiff first applied for benefits in July 2019.  The administrative record spans 3299 pages.  Defendant identifies normal findings in the record as inconsistent with Plaintiff's allegations yet fails to connect this evidence to relevant issues that remain which

ORDER - 11

would require rehearing on matters already considered at the administrative level. Defendant seeks not to develop unaddressed issues but rather rehash the very same ones ALJs have now had multiple opportunities to consider.  The Ninth Circuit has stressed that precedent "foreclose[s] the argument that a remand for the purpose of allowing the ALJ to have a mulligan [to revisit the medical opinions and testimony that were improperly rejected] qualifies as a remand for a 'useful purpose' under the ... credit-as-true analysis." *Garrison*, 759 F.3d at 1021-22 (citations omitted); *see also Knorr v. Berryhill*, 254 F. Supp. 3d 1196, 1220 (C.D. Cal. 2017) ("[R]emanding for the ALJ to reconsider this evidence, which the ALJ already had an opportunity to review, would simply be allowing the ALJ to have a second bite at the apple.").  The record does not require further proceedings.

Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand.  As noted above, Defendant failed to defend the ALJ's step three finding and, as noted by Plaintiff, *see* ECF No. 22 at 4-6, improperly discredited evidence credited as true would compel a finding of disability at step three, *see, e.g.*, Tr. 1239.

Finally, the record as a whole does not create serious doubt as to whether Plaintiff was disabled during the relevant period within the meaning of the Social Security Act.  *See Garrison*, 759 F.3d at 1021.  Defendant has not pointed to any

ORDER - 12

particular aspect of this case that raises serious doubt, where the ALJ has already been afforded multiple opportunities to assess the evidence and Plaintiff has offered consistent testimony at each hearing.  Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate Defendant to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application.  *Treichler*, 775 F.3d at 1100.  Despite prior attempts, the administrative decisions continue to not be properly supported, causing extreme delay.

The Court has no serious doubts as to whether Plaintiff is disabled, and finds that the significant delay since Plaintiff applied for disability in 2019 also weighs in favor of a finding of disability.  Under these circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Frank Bisignano as Defendant and update the docket sheet.

2. Plaintiff's Brief, **ECF No. 10**, is **GRANTED**.

3. Defendant's Brief, **ECF No. 21**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED August 18, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 14